# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Carol J. Bertrand, Jamie Lynn Bruns, Julie Burchill, Tony Burchill, Donna Hamman, Kenneth Hamman, Teresa A. Hamman, Scott Hamman, Linda Heidebrink, Dennis Heidebrink, Michelle Metz, Rose Weitgenant, Jessica Weitgenant, Tonya Aanenson, Mike Harberts, Rick Kruger, Scott Barber, Glenda Lais, Roger Lais, Kayla Cox, Marlys Nelson, Jeannette Jorgenson, Roger Nelson, and Terry Bourassa, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Janet Kay Patten, in her individual and official capacities as an employee of Rock County, and Rock County,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiffs, individually and on behalf of all others similarly situated, for their causes of action against the above-named defendants, state and allege as follows:

## JURISDICTION

1.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 18 U.S.C. § 2724(a), 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court. The Court has supplemental jurisdiction over the Minnesota common law claims asserted herein

1

pursuant to 28 U.S.C. § 1367, because these claims are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

## BACKGROUND

2. Plaintiffs hereby incorporate all other allegations in this Complaint by reference.

### *Defendants*

3. Defendant Janet Kay Patten is an individual residing at 604 Betty Avenue, Worthington, Minnesota 56187.

4. Defendant Rock County is a municipality which can be sued under Minn. Stat. § 466.01 et seq. and 18 U.S.C. § 2721 et seq.

5. At all times material hereto, Defendant Patten was employed by Rock County in its family services department and was acting within the scope of her employment with Rock County.

### *Driver and Vehicle Services*

6. Driver and Vehicle Services (DVS) is a Division of the Minnesota Department of Public Safety.

7. DVS maintains motor vehicle records on each of the named Plaintiffs. The motor vehicle records contain "personal information" and "highly restricted personal information," as defined by 18 U.S.C. § 2725, (hereinafter referred to collectively as "personal information") including Plaintiffs' name, date of birth, driver's license

number, address, driver's license status, driver's license photo, weight, height, and eye color.

8. The motor vehicle records are protected from access, use, and disclosure by 18 U.S.C. § 2721 et seq., the Drivers Privacy Protection Act (hereinafter the "DPPA").

*The Privacy Breach*

9. On information and belief, Defendant Patten, using her position as a Rock County employee, accessed approximately 4,000 motor vehicle records over a period of four months.

10. On information and belief, the normal number of searches per month by Defendant Patten should have been approximately 50.

11. On information and belief, most of the approximately 4,000 queries were obtained for purposes not permitted under the DPPA.

12. Some of the queries included Defendant Patten's relatives, friends, neighbors, acquaintances, co-workers, workers in other counties, and others with no apparent connection.

13. Defendant Patten knew that obtaining, disclosing or using personal information for purposes not permitted under the DPPA was in violation of federal law.

14. Defendant Patten's conduct in obtaining, disclosing or using personal information for purposes not permitted under the DPPA was in willful and reckless disregard of federal law.

15. In May 2011, as a result of Defendant Patten's conduct, Rock County and the Minnesota Department of Human Services (MDHS) sent out approximately 3,000

data-breach letters informing the subjects of Defendant Patten's queries that an employee of Rock County Family Services obtained unauthorized access to "your private information."

16. Defendant Patten's employment with Rock County was terminated in May 2011.

*Plaintiffs*

17. Plaintiffs are persons suing for violations of their privacy rights in connection with the improper obtaining, disclosure or use of personal information from DVS. Plaintiffs are, and were at all times material herein, citizens of the United States and residents of the State of Minnesota.

18. Plaintiffs represent all Minnesota citizens whose personal information was improperly obtained, disclosed or used by Defendant Patten through her employment with Rock County.

19. The representative Plaintiffs include:

    a) Carol J. Bertrand, a resident of Nobles County, received a letter from the Minnesota Department of Human Services dated May 4, 2011 indicating that a Rock County Family Services employee accessed her DVS records without authorization. She formerly worked with Defendant Patten when Defendant Patten worked with Nobles County. Defendant Patten subsequently obtained employment at Rock County in its Family Services Department. Defendant Patten

did not have an official purpose to obtain Bertrand's personal information. (See Exhibit A attached hereto.)

b) Jamie Lynn Bruns, a resident of Nobles County, received a letter from the Minnesota Department of Human Services dated May 4, 2011 indicating that a Rock County Family Services employee accessed her DVS records without authorization. Bruns was formerly a neighbor of Defendant Patten and was acquainted with her children. Defendant Patten did not have an official purpose to obtain Bruns' personal information. (See Exhibit B attached hereto.)

c) Julie Burchill, resident of Murray County, received a letter from the Minnesota Department of Human Services dated May 4, 2011 indicating that a Rock County Family Services employee accessed her DVS records without authorization. She is not directly acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Burchill's personal information. (See Exhibit C attached hereto.)

d) Tony Burchill, resident of Murray County, received a letter from the Minnesota Department of Human Services dated May 4, 2011 indicating that a Rock County Family Services employee accessed his DVS records without authorization. He is not directly acquainted with Defendant Patten. Defendant Patten did not have an official

purpose to obtain Burchill's personal information. (See Exhibit D attached hereto.)

e) Donna Hamman, resident of Nobles County, received a letter from the Minnesota Department of Human Services dated May 4, 2011 indicating that a Rock County Family Services employee accessed her DVS records without authorization. She is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Hamman's personal information. (See Exhibit E attached hereto.)

f) Kenneth Hamman, resident of Nobles County, received a letter from the Minnesota Department of Human Services dated May 4, 2011 indicating that a Rock County Family Services employee accessed his DVS records without authorization. He is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Hamman's personal information. (See Exhibit F attached hereto.)

g) Teresa A. Hamman, resident of Murray County, received a letter indicating that her DVS records had been accessed without authorization. She is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Hamman's personal information.

h) Scott Hamman, resident of Murray County, received a letter indicating that his DVS records had been accessed without authorization. He is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Hamman's personal information.

i) Linda Heidebrink, resident of Nobles County, received a letter indicating that her DVS records had been accessed without authorization. She is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Heidebrink's personal information.

j) Dennis Heidebrink, resident of Nobles County, received a letter indicating that his DVS records had been accessed without authorization. He is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Heidebrink's personal information.

k) Michelle Metz, a resident of Nobles County, received a letter indicating that her DVS records had been accessed without authorization. Metz is acquainted with Defendant Patten as Patten's son was employed through Metz's business. Defendant Patten did not have an official purpose to obtain Metz's personal information.

l) Rose Weitgenant, a resident of Nobles County, received a letter indicating that her DVS records had been accessed without

authorization. Weitgenant lived next door to Defendant Patten in Worthington, MN. Defendant Patten did not have an official purpose to obtain Witgenant's personal information.

m) Jessica Weitgenant, a resident of Nobles County, received a letter indicating that her DVS records had been accessed without authorization. Weitgenant is acquainted with the children of Defendant Patten. Defendant Patten did not have an official purpose to obtain Witgenant's personal information.

n) Tonya Aanenson, a resident of Nobles County, received a letter indicating that her DVS records had been accessed without authorization. Aanenson worked with Defendant Patten at Nobles County Family Services when Patten worked at Nobles County Family Services. Defendant Patten did not have an official purpose to obtain Aanenson's personal information.

o) Mike Harberts, a resident of Nobles County, received a letter indicating that his DVS records had been accessed without authorization. Harberts is acquainted with Defendant Patten through the youth baseball program. Defendant Patten did not have an official purpose to obtain Harberts' personal information.

p) Rick Kruger, a resident of Nobles County, received a letter indicating that his DVS records had been accessed without authorization. He is not directly acquainted with Defendant Patten.

        Defendant Patten did not have an official purpose to obtain Kruger's personal information.

q) Scott Barber, a resident of Nobles County, received a letter from the Minnesota Department of Human Services dated May 4, 2011 indicating that a Rock County Family Services employee accessed his DVS records without authorization. He is not directly acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Barber's personal information. (See Exhibit G attached hereto.)

r) Glenda Lais, a resident of Nobles County, received a letter from the Minnesota Department of Human Services dated May 4, 2011 indicating that a Rock County Family Services employee accessed her DVS records without authorization. She is not directly acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Lais' personal information. (See Exhibit H attached hereto.)

s) Roger Lais, a resident of Nobles County, received a letter from the Minnesota Department of Human Services dated May 4, 2011 indicating that a Rock County Family Services employee accessed his DVS records without authorization. He is not directly acquainted with Defendant Patten. Defendant Patten did not have an official

  purpose to obtain Lais' personal information. (See Exhibit I attached hereto.)

t) Kayla Cox, a resident of Nobles County, received a letter indicating her DVS records had been accessed without authorization. Cox is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Cox's personal information.

u) Marlys Nelson, a resident of Nobles County, received a letter indicating her DVS records had been accessed without authorization. Nelson is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Nelson's personal information.

v) Jeannette Jorgensen, a resident of Jackson County, received a letter indicating that her DVS records had been accessed without authorization. Jorgensen is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Jorgensen's personal information.

w) Roger Nelson, a resident of Nobles County, received a letter indicating that his DVS records had been accessed without authorization. Nelson is acquainted with Defendant Patten through church and used to live in the same neighborhood. Defendant Patten did not have an official purpose to obtain Nelson's personal information.

x) Terry Bourassa, a resident of Nobles County, received a letter indicating that her DVS records had been accessed without authorization. Bourassa is not acquainted with Defendant Patten. Defendant Patten did not have an official purpose to obtain Bourassa's personal information.

20. At no time did any of the Plaintiffs provide consent for any of the Defendants to obtain, disclose or use their motor vehicle records for anything other than the permissible uses defined by 18 U.S.C. § 2721(b).

## CLASS ALLEGATIONS

21. Plaintiffs hereby incorporate all other allegations in this Complaint by reference.

22. This action is brought and may properly be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

23. Plaintiffs bring this action for damages and other relief for all others similarly situated whose joinder in this action is impracticable because the class is so numerous. The anticipated number of class members is at least 3,000.

24. The members of the class include all those who had their motor vehicle records accessed by Defendant Patten in violation of law and have claims pursuant to the DPPA, 28 U.S.C. §§ 1983 and 1988, and Minnesota common law.

25. There are questions of law or fact common to the members of the class and the common questions of law or fact predominate over those affecting individual members, including but not limited to the following:

a. Whether Defendant Patten obtained, disclosed and/or used personal information from approximately 4,000 DVS records in a period of four months.

b. Whether Defendant Patten's conduct in obtaining, disclosing and/or using approximately 4,000 DVS records violated the DPPA.

c. Whether Defendant Patten's conduct in obtaining, disclosing and/or using approximately 4,000 DVS records violated the constitutional protections from unreasonable search and seizure.

d. Whether Defendant Patten knew that her conduct in obtaining, disclosing and/or using approximately 4,000 DVS records was for purposes not permitted under the DPPA.

e. Whether Defendant Patten's conduct in obtaining, disclosing and/or using approximately 4,000 DVS records constitutes an intrusion upon seclusion.

f. Whether Defendant Rock County is vicariously liable for the conduct of Defendant Patten.

g. Whether Plaintiffs and the Class are entitled to liquidated damages of $2,500 per DPPA violation pursuant to 18 U.S.C. § 2724(b)(1).

h. Whether Plaintiffs and the Class are entitled to damages pursuant to 42 U.S.C. § 1983.

i. Whether Plaintiffs and the Class are entitled to damages for common law invasion of privacy.

    j. Whether Plaintiffs are entitled to punitive damages pursuant to 18 U.S.C. § 2724(b)(2), and federal common law.

    k. Whether Plaintiffs and the Class are entitled to reasonable attorneys' fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. § 2724(b)(3), 42 U.S.C. § 1988, and other applicable law.

26. Plaintiffs' claims are typical of the claims of the Class members. All common questions are able to be resolved in one case and arise out of the same common factual occurrences as specifically and/or generally alleged herein.

27. The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual cases to protect their rights.

28. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no individual claims that are antagonistic to those of the Class. Plaintiffs have retained competent and experienced counsel to represent their interests and protect the interests of the Class.

29. Plaintiffs' counsel will fairly and adequately protect the interests of the Class.

    a. Farrish Johnson Law Office is an experienced litigation firm and is involved in a number of complex litigation matters. This includes counsel in the putative class actions involving data practices violations *Bearder v. State*, 27-CV-09-5615 (Minn. Dist. Ct. 2009) and *Skaja v. State*, 27-CV-12-1406 (Minn. Dist. Ct. 2011), and is local counsel for

13

the Minnesota class in *Aaron White v. AT&T Mobility, LLC*, 10-CV-00228 (D. Minn. 2010).

b. Gaskins, Bennett, Birrell, Schupp, LLP has significant trial experience, particularly in the area of civil rights and constitutional violations, and has successfully prosecuted class action and other litigation, including a class action case against Ramsey County and other parties arising out of a tuberculosis outbreak at the Ramsey County Correctional Facility, the Minneapolis I-35W bridge collapse litigation, and cases involving privacy issues under the Minnesota Health Records Act and Government Data Practices Act. Farrish Johnson has associated with this firm for the prosecution of the class claims.

c. Malters, Shepherd & Von Holtum is a general litigation and trial practice firm in southwest Minnesota and is able to work closely with the named Plaintiffs and putative class members. Farrish Johnson has associated with this firm for the prosecution of the class claims.

## CAUSES OF ACTION
### Count One - Violation of the DPPA
### (Defendants Patten and Rock County)

30. Plaintiffs hereby incorporate all other allegations in this Complaint by reference.

31. Plaintiffs bring Count One against Defendants Patten and Rock County.

32. Defendant Patten's conduct in obtaining, disclosing and/or using the Plaintiffs' and the Class' motor vehicle records violated 18 U.S.C. § 2724(a).

33. As a direct and proximate result, each Plaintiff and Class member suffered damages in an amount to be determined by a jury, but in any event in the amount of at least $2,500 as liquidated damages for each violation, pursuant to 18 U.S.C. § 2724(b)(1).

34. Plaintiffs and the Class are entitled to punitive damages under 18 U.S.C. § 2724(b)(2) and such damages are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. § 549.20.

35. Plaintiffs and the Class are entitled to an award of their reasonable attorneys' fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. § 2724(b)(3).

36. Defendant Rock County is directly and vicariously liable for Defendant Patten's violation of the DPPA.

### *Count Two – Violation of 42 U.S.C. § 1983*
### *(Defendant Patten)*

37. Plaintiffs hereby incorporate all other allegations in this Complaint by reference.

38. Plaintiffs bring Count Two against Defendant Patten, individually.

39. Plaintiffs and the Class had a legitimate expectation of privacy in their motor vehicle records, as recognized by the DPPA.

40. Defendant Patten unlawfully obtained, disclosed and/or used the Plaintiffs' and the Class' motor vehicle records while acting in her capacity as a government official and employee of Rock County.

41. Defendant Patten's conduct in obtaining, disclosing and/or using the Plaintiffs' and the Class' motor vehicle records violated the Plaintiffs' and the Class' constitutional right to be free from unlawful searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendant Patten knew, acting under color of state law, that her access and use of Plaintiffs' and the Class' motor vehicle records for purposes not permitted under the DPPA violated the Plaintiffs' and the Class' clearly established rights to privacy in their motor vehicle records.

43. As a direct and proximate result of Patten's conduct, Plaintiffs and the Class sustained past and future harm in an amount to be determined by a jury and are entitled to compensation for their harm pursuant to 42 U.S.C. § 1983.

44. Plaintiffs and the Class are entitled to punitive damages as a matter of right under federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and such damages are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. § 549.20.

45. Plaintiffs and the Class are entitled to an award of their costs and attorneys' fees under 42 U.S.C. § 1988.

### *Count Three – Violation of 42 U.S.C. § 1983*
### *(Defendant Rock County)*

46. Plaintiffs hereby incorporate all other allegations in this Complaint by reference.

47. Plaintiffs bring Count Three against Defendant Rock County.

48. Defendant Patten's widespread, illegal and unconstitutional conduct demonstrates the existence of a policy, custom, or practice at Rock County of employees conducting improper searches of private information.

49. Upon information and belief, Rock County's widespread, illegal and unconstitutional policies, customs, and practices include: (1) failure to implement necessary, formal rules and policies; (2) failure to monitor its employees and/or enforce formal rules and policies that have already been implemented; or (3) failure to train its employees on formal rules and policies that have already been implemented.

50. Rock County knew or should have known of its employees' improper, unjustified, and impermissible access to private information.

51. Rock County knew or should have known of its obligation to ensure that its employees were not conducting improper searches of private information.

52. The widespread nature of this pattern and practice evidences Rock County's deliberate indifference to the federal and statutory constitutional rights of the citizens and persons, including Plaintiffs and the Class, whose information has been wrongfully accessed.

53. As a direct and proximate result of Rock County's conduct, Plaintiffs and the Class sustained past and future harm in an amount to be determined by a jury and are entitled to compensation for their harm pursuant to 42 U.S.C. § 1983.

54. Plaintiffs and the Class are entitled to an award of their costs and attorneys' fees under 42 U.S.C. § 1988.

### *Count Four - Common Law Invasion of Privacy*
### *(Defendants Patten and Rock County)*

55.   Plaintiffs hereby incorporate all other allegations in this Complaint by reference.

56.   Plaintiffs bring Count Four against Defendants Patten and Rock County.

57.   Defendant Patten's conduct in obtaining, disclosing and/or using the Plaintiffs' and the Class' motor vehicle records is highly offensive and constituted an intrusion upon seclusion under Minnesota's common law.

58.   As a direct and proximate result, Plaintiffs and the Class suffered damages, in an amount to be determined by jury, as described in the Restatement (Second) of Torts § 652H, and particularly suffered actual harm to their privacy interest as described in section 652H, subpart (a).

### *Count Five – Negligent Supervision*
### *(Defendant Rock County)*

59.   Plaintiffs hereby incorporate all other allegations in this Complaint by reference.

60.   Plaintiffs bring Count Four against Defendant Rock County.

61.   Defendant Patten's conduct was foreseeable. Patten had access to DVS records. Unauthorized access of DVS records is a pervasive problem throughout the state. Local agencies and various state and government agencies have attempted to warn government employers and employees about the impropriety of accessing motor vehicle data without a proper official purpose.

62. Defendant Rock County failed to exercise ordinary care in supervising Defendant Patten.

63. Defendant Rock County owed Plaintiffs and the Class a duty to maintain the security and privacy of their private motor vehicle records.

64. Defendant Rock County allowed Patten to use her employment as a means to engage in unauthorized access and use of Plaintiffs' private motor vehicle records.

65. If Defendant Patten's activities had been properly monitored by Defendant Rock County, it would have been in a position to prevent the unauthorized access and use of Plaintiffs' private motor vehicle records.

66. As a direct and proximate result, Plaintiffs and the Class sustained past and future harm in an amount to be determined by a jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs and others similarly situated pray for the following:

1. A jury trial as to all issues so triable;

2. Certification of this action as a Class Action pursuant to Fed. R. Civ. P. 23 and appointment of plaintiffs and their joint counsel to represent the class.

3. A money judgment against Defendants for actual, liquidated, and punitive damages for each DPPA violation pursuant to 18 U.S.C. § 2724(b)(1)-(2), in the minimum amount of $7,500,000.00.

4. A money judgment against Defendants for each violation of the Fourth and Fourteenth Amendments to the United States Constitution.

5. A money judgment against Defendants for damages under the common law pursuant to the Restatement (Second) of Torts § 652H.

6. A money judgment against Defendants for litigation costs and attorneys' fees pursuant to 18 U.S.C. 2724(b)(3), 42 U.S.C. § 1988, and other applicable law.

7. Any other relief the Court deems equitable and just.

Dated: November 27, 2012

Scott V. Kelly (132937)
William S. Partridge (84256)
Daniel J. Bellig (0389075)
**FARRISH JOHNSON LAW OFFICE**
1907 Excel Drive
Mankato, MN 56001
Phone: 507-625-2525
Fax: 507-625-4394

-and-

**GASKINS BENNETT BIRRELL SCHUPP LLP**
Robert Bennett (6713)
Robert Vaccaro (313750)
Jeffrey S. Storms (0387420)
333 South Seventh Street, #2900
Minneapolis, MN 55402
Phone: 612-333-9500
Fax: 612-333-9579

-and-

**MALTERS SHEPERD & VON HOLTUM**
James E. Malters (67040)
727 Oxford Street
P.O. Box 517
Worthington, MN 56187
Phone: 507-376-4166
Fax: 507-376-6359

*Attorneys for Plaintiffs*