UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carol J. Bertrand, Jamie Lynn Bruns, Julie Burchill, Tony Burchill, Donna Hamman, Kenneth Hamman, Teresa A. Hamman, Scott Hamman, Linda Heidebrink, Dennis Heidebrink, Michelle Metz, Jessica Weitgenant, Tonya Aanenson, Mike Harberts, Rick Kruger, Scott Barber, Glenda Lais, Roger Lais, Kayla Cox, Marlys Nelson, Jeannette Jorgenson, Roger Nelson, and Terry Bourassa, individually and on behalf of all others similarly situated, | Civil No.12-2971 (DWF/JJG) |
| Plaintiffs, | |
| v. | **ORDER** |
| Janet Kay Patten, in her individual and official capacity as a Rock County employee, Diane Holmberg and Randy Ehlers, in their individual capacities as employees of Rock County, and Rock County, | |
| Defendants. | |

Pursuant to an Order dated December 13, 2013 (the "Preliminary Approval Order"), a final approval hearing of the proposed settlement ("Final Hearing") was held before this Court at 2:00 p.m. on April 3, 2014. Notice of the Final Hearing was given in accordance with the Preliminary Approval Order. The Court heard and considered the Parties' positions in support of the proposed settlement. Based on the files, records, and proceedings herein, and for the reasons stated above,

**IT IS HEREBY ORDERED**:

1. The Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiffs, Class Members, and the Defendants.

2. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Class Representatives and their counsel, and Settling Defendants and their counsel, and the representatives of the Settlement Class and Settling Defendants were represented by capable and experienced counsel.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement is fair, adequate, and reasonable.

4. The following Class is certified under Rules 23(b)(3) and 23(e) solely for the purposes of effectuating the Settlement Agreement:

> Individuals whose Minnesota Driver's License Records were accessed by defendant Janet Patten from April 19, 2010 to May 2, 2011 while she was employed by Rock County.

5. The opt-out of Jodi Schroeder f/k/a Stugelmeyer is deemed invalid because it was postmarked past the Court-ordered deadline, and no evidence of good cause warranting delay was provided to the Court orally or in writing.

6. Each of the individuals who did submit timely opt-out notices have withdrawn those opt-outs.

7. Accordingly, no Class Member has opted-out and each Class Member shall be bound by this Order.

8. Defense Counsel caused a Notice of the proposed settlement, Class Counsel's request for fees and expenses, the named Plaintiffs' request for incentive

payments, and the Final Hearing to be mailed to Class Members, giving them an opportunity to opt-out of the action, or object to the proposed settlement or any of its proposed terms.  A notice was also published in the Star Tribune (local edition), St. Paul Pioneer Press (local edition), and Rock County StarHerald on February 13, 2014.  The forms of notice meet the requirements of Fed. R. Civ. P. 23 and the due process requirements of the State of Minnesota and United States Constitutions.

9. No Class Members filed a written objection to the proposed settlement. Any objections from Class Members to the terms of the Settlement Agreement are forever barred.

10. The Court appoints the above-captioned named plaintiffs as Settlement Class Representatives.  The Court appoints Gaskins Bennett Birrell Schupp LLP, Farrish Johnson Law Office and Malters, Shepherd & Von Holtum as Settlement Class Counsel.

11. The Court finds that Settlement Class Counsel and the Settlement Class Representatives have fully and adequately represented the Settlement Class in order to implement the Settlement Agreement.  The requirements of Fed. R. Civ. P. 23(a)(4) are met.

12. All payments shall be made to the common fund, counsel, and class members pursuant to the terms of the Parties' Settlement Agreement and the March 27, 2014 Amendment thereto.

13. From the $2,000,000 distribution, the Court approves Class Counsel's petition for attorneys' fees in the amount of $600,000 (i.e., 30%) and expenses of $20,053.79.

14. Should Class Counsel not incur any estimated expense associated with its first distribution, the remaining amount shall be retained in trust and applied towards the second distribution, if any. Should any small amount from the common fund remain because an even distribution cannot mathematically occur, the remaining amount shall be retained in trust and applied towards the second distribution. Should there be no second distribution, Class Counsel shall make an application for a *cy pres* distribution to the Court of any remaining amounts.

15. Class Counsel is also permitted to a reimbursement up to $10,000 for expenses associated with making the second distribution. Should Class Counsel require an expense reimbursement in excess of $10,000, it shall request permission from the Court in a manner deemed acceptable by the Court.

16. Following the second distribution, if any, Class Counsel shall make an application to the Court for a *cy pres* distribution of all remaining funds.

17. Upon entry of this Order, the Parties shall jointly move for entry of judgment dismissing all claims of the Class Members with prejudice. The Court will however, retain jurisdiction over this matter for the purposes of resolving any disputes under the terms of the Parties' Settlement Agreement.

18. The release language contained in the Settlement Agreement is expressly incorporated herein in all respects, is effective on the date of this Order, and forever discharges the released parties set forth therein.

**Final Approval of the Settlement Agreement is hereby GRANTED.**

Dated:  April 8, 2014             s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge